# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

RALEIGH SUTHERLAND,

    Plaintiff,

v.   CASE NO. 1:22cv303-RH-MAF

SAVE AMERICA PAC et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

In this proposed class action, the named plaintiff asserts the defendants sent him unsolicited text messages after he said to stop. The defendants are political organizations: Save America PAC, the Republican National Committee, the National Republican Senatorial Committee, and the Congressional Leadership Fund.

The plaintiff asserts the texts violated Florida Statutes § 501.059(5)(b). The statute prohibits, among other things, sending a text "by or on behalf of a charitable organization" seeking a contribution. The statute creates a private right of action. *Id.* § 501.059(10).

The plaintiff also asserts a Florida common-law trespass-to-chattels claim on the theory that an unsolicited text is a trespass on the recipient's telephone.

Save America has moved for judgment on the pleadings. The other defendants have moved to dismiss. The motions assert the plaintiff lacks standing, but that is incorrect. He asserts concrete injury well beyond the single text, unaccompanied by collateral consequences, held insufficient in *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019).

The motions properly present two questions of law on the merits that are appropriate for disposition on motions like these: whether the defendants are "charitable organizations" within the meaning of the statute; and whether an unsolicited text is a trespass to chattels under Florida common law. The answer to each question is no.

Statutory construction starts with the words of the statute. *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1055-56 (2019); *Statler v. State*, 349 So. 3d 873, 879 (Fla. 2022). The defendants are political organizations. In common usage, nobody would refer to them as charities. And dictionaries support this conclusion. *See, e.g.*, *Charity, Merriam-Websters Collegiate Dictionary* (10th ed. 1993) ("the giving of aid to the poor"; "an institution engaged in the relief of the poor"; "goodwill toward or love of humanity"); *Charity, The American Heritage Dictionary* (4th ed.

2001) ("provision of help or relief to the poor"; "something given to the needy"; "an institution, organization, or fund established to help the needy"; "benevolence or generosity towards others or humanity"; "indulgence or forbearance in judging others"); *Charitable, Black's Law Dictionary* (9th ed. 2009) ("dedicated to a general public purpose usu[ally] for the benefit of needy people who cannot pay for the benefits received.").

As importantly, nothing about the statute's structure or apparent purpose suggests a different reading. The Florida Legislature decided to treat texts seeking charitable contributions differently from texts seeking political contributions. The statute does not make this explicit, but another statute does. *See* Fla. Stat. § 496.403 (excluding political contributions from the Florida Solicitation of Contributions Act). The plaintiff suggests treating charities and political organizations differently might raise a First Amendment issue, but even if so, this would not help the plaintiff—at most it would invalidate the ban on charitable solicitations. A court would not properly impose a ban on political solicitations of a kind the Legislature has not seen fit to ban.

The bottom line on this issue: the amended complaint alleges no facts that would support a ruling that the defendants are charitable organizations within the meaning of § 501.059(5). The statutory claim must be dismissed.

Case No. 1:22cv302-RH-MAF

The common-law issue is closer. In *Palm Beach Golf Center–Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1252 (11th Cir. 2015), the Eleventh Circuit held that a single unsolicited fax can constitute a Florida common-law conversion of the recipient's fax line. But in *Salcedo*, while discussing standing, the Eleventh Circuit said faxes and texts are different and that a single unsolicited text cannot constitute a Florida common-law trespass to chattels or nuisance. The Florida Supreme Court has not addressed this, and as an original matter, one could reasonably argue both sides. But at least for now, *Salcedo* is the law of the circuit.

For these reasons,

IT IS ORDERED:

1. Save America's motion for judgment on the pleadings, ECF No. 26, is granted.

2. The other defendants' motion to dismiss, ECF No. 24, is granted.

3. The clerk must enter judgment for the defendants on the merits and close the file.

SO ORDERED on May 25, 2023.

                               s/Robert L. Hinkle
                               United States District Judge